UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | | |
|---|---|---|
| JEFF BOYD on Behalf of Himself and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| SPECTRA ENERGY OPERATING COMPANY, LLC, | § § § § | |
| Defendant. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT
CLASS AND COLLECTIVE ACTION AND JURY DEMAND**

1.      Plaintiff Jeff Boyd, on behalf of himself and on behalf of all other similarly situated, files this Original Complaint, Class and Collective Action and Jury Demand, and by and through the undersigned counsel, alleges as follows:

## INTRODUCTION

2.      This collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, is brought to remedy widespread wage and hour violations by Defendant Spectra Energy Operating Company, LLC ("Defendant" or "Spectra") that have deprived Plaintiff and all other current and former pipeline inspectors throughout the country of overtime wages to which they are entitled.  Plaintiff also brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and all similarly situated current and former pipeline inspectors who worked for Defendant in New York to remedy violations of the labor laws of New York, N.Y. Lab. Law §§ 190 *et seq.*

1

3.      Defendant has violated and continues to violate the FLSA and the New York Labor Law by misclassifying its pipeline inspectors as independent contractors instead of as employees and thereby, denying them overtime pay for those hours worked over forty in a workweek. Under both the FLSA and New York Labor Law, non-exempt employees must be paid one and one-half times their regular rate of pay for all hour worked over 40 in a week.

4.      Through the conduct described in this Complaint, Defendant has violated federal and state law.  Accordingly, Plaintiff, on behalf of himself and all others similarly situated, brings these claims and seeks unpaid compensation, liquidated damages, reasonable attorneys' fees and costs, and all other relief to which he and the Class Members are entitled.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the FLSA claims that they form part of the same case or controversy.

7.      Defendant is subject to personal jurisdiction in New York because it does business in New York and in this judicial district.

8.      Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise the claims in this Complaint took place in this district.

## PARTIES

9.      Plaintiff Jeff Boyd is an individual currently residing in McIntosh County, Oklahoma.  His written consent is attached hereto as Exhibit A.

10.     The FLSA Class Members are all current and former pipeline inspectors, and all employees in substantially similar positions, classified as independent contractors during the three-year period before the filing of this Complaint.

11.     The New York Class Members are all current and former pipeline inspectors, and all employees in substantially similar positions, classified as independent contractors during the six-year period before the filing of this Complaint.

12.     All Class Members are collectively referred herein as "Class Members."

13.     Defendant Spectra Energy Operating Company, LLC is a foreign limited liability company organized under the laws of Delaware.  Defendant may be served process through its registered agent CT Corporation System, 111 Eighth Avenue, New York, New York 11001.

## COVERAGE

14.     At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

15.     At all material times, Defendant has been an employer within the meaning of NY Lab. Law § 190(3) and NY Lab. Law § 651(6).

16.     At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

17.     At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

18.     Furthermore, Defendant has an annual gross business volume of not less than $500,000.

19.     At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

20.     At all material times, Plaintiff and the New York Class Members were employees of Defendant with the meaning of N.Y. Lab. Law § 190(2) and NY Lab. Law § 651(5).

## FACTS

21.     Defendant provides pipeline inspection services across the country.  To provide this service, Defendant employs hundreds of pipeline inspectors nationwide to inspect pipelines during construction and periodically during their use.

22.     The work of a pipeline inspector primarily consists of manual labor.  It requires long hours of work outdoors, exposed to extreme weather conditions.

23.     Plaintiff Boyd worked for Defendant as a pipeline inspector from approximately April of 2015 to March of 2016.  The majority of his work was performed on Defendant's pipeline project in Courtland Manor, New York.

24.     At the commencement of his employment, Defendant failed to provide Plaintiff with written notice of his rate of pay, his regular payday, the name of his employer, his employer's physical address, any "doing business as" names of his employer, his employer's mailing address, or his employer's telephone number.  During his employment Defendant also failed to provide a paystub or similar document to Plaintiff listing the dates of work covered by that payment of wages, name of employee, name of employer, address and phone number of employer, rate of pay and the basis thereof, and/or net wages.

25.     Other pipeline inspectors in New York also did not receive a similar notice at the commencement of their employment and also did not receive paystubs or other documents listing the information required by N.Y. Lab. Law § 195(3).

26.     Defendant paid Plaintiff a set day rate regardless of the number of hours he worked each day or each week.  Defendant did not pay Plaintiff a minimum, guaranteed amount each week.

27.     Instead, Plaintiff's compensation varied each week depending upon the number of days worked.

28.     Plaintiff regularly worked over 40 hours each week.  However, when he worked more than 40 hours, he was not paid any overtime wages for those hours worked in excess of 40.

29.     Like Plaintiff, Defendant pays their other pipeline inspectors nationwide on a day rate basis.

30.     Plaintiff's schedule was similar to the schedule of the Class Members.

31.     Like Plaintiff, the Class Members were paid on a day rate basis.  Like Plaintiff, the Class Members regularly worked more than 40 hours each week and were not paid overtime for those hours worked in excess of 40.

32.     Defendant misclassified the Plaintiff and Class Members as independent contractors instead of as employees.

33.     Given that they were misclassified as independent contractors, they were denied overtime pay.

34.     While working for Defendant at various locations during his employment, Plaintiff interacted with and became familiar with the way Defendant treats the Class Members regarding overtime pay and Defendant's policy of misclassifying these workers as independent contractors. Therefore, Plaintiff has first-hand, personal knowledge of the same pay violations throughout Defendant's operation at multiple geographical locations.

35.     Defendant paid Plaintiff and the Class Members in the same manner.

36.    Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the Class Members.

37.    In addition, Defendant instructed Plaintiff and the Class Members about when, where, and how they were to perform their work.

38.    Moreover, the following conduct further demonstrates that Defendant acted as an employer with respect to Plaintiff and the Class Members:

a.    Defendant required Plaintiff and the Class Members to report to their assigned job site at a set time;

b.    Plaintiff and the Class Members had no control over what job site they may be assigned to;

c.    Defendant required Plaintiff and the Class Members to request time off in advance and have that time away from work preapproved;

d.    Defendant issued work orders to Plaintiff and the Class Members that set forth the required procedures to be followed and the order and manner in which they were to perform their services;

e.    Plaintiff and the Class Members faced termination if they failed to perform their work in the manner required by Defendant;

f.    Defendant provided training to Plaintiff and the Class Members instructing them precisely how to perform their work;

g.    Defendant assigned Plaintiff and the Class Members so many work hours per week (often more than 70) that, as a practical matter, they were prevented from working for any other company;

h. Defendant made clear to Plaintiff and the Class Members that they would be terminated if they worked for any other companies during their days off;

i. Plaintiff's and the Class Members' services were integrated into Defendant's operations;

j. Plaintiff and the Class Members constituted the workforce without Defendant could not perform its services or generate revenue.

k. Plaintiff and the Class Members worked for Defendant for long periods of time, often years, as is common with employees;

l. Defendant required Plaintiff and the Class Members to attend company meetings; and

m. Defendant maintained the right to discharge Plaintiff and the Class Members at any time, for any reason.

39.     Furthermore, the degree of investment Plaintiff and the Class Members made to perform their work pales in comparison to the expenses Defendant incurred.  Plaintiff and the Class Members were not required to supply any tools.  On the other hand, Defendant provided Plaintiff and the Class Members with computers and other equipment for them to perform their job.

40.     Despite these facts, Defendant improperly classified Plaintiff and the Class Members as independent contractors and not as employees.

41.     Defendant classified the Plaintiff and Class Members as independent contractors to avoid its obligations to pay these employees overtime.

42.     However, at all times, Plaintiff and the Class Members were employees of Defendant.

43.     Although Plaintiff and Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA and New York Labor Law mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

44.     No exemption applies to Plaintiff or the Class Members.

45.     Defendant's method of paying Plaintiff and the Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA. Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs.  Defendant knew the requirement to pay overtime to its employees, but intentionally and/or recklessly chose not to do so.  Accordingly, Defendant's violations of the FLSA and New York Labor Law were willful.

## COLLECTIVE ACTION ALLEGATIONS

46.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

47.     Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of its employees.

48.     Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant.

49.     Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek because Defendant misclassifies them as independent contractors and pays a day rate without overtime.

50.    Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

51.    Defendant has classified and continue to classify the FLSA Class Members as independent contractors.

52.    FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendant.

53.    FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

54.    As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

55.    Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

56.    The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

57.    The specific job titles or precise job responsibilities of each FLSA Class Member do not prevent collective treatment.

58.    All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

59.    Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

60.     As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former pipeline, and all workers in substantially similar positions, classified as independent contractors by Defendant throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

## CLASS ACTION ALLEGATIONS

61.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

62.     Plaintiff brings his overtime claims arising under the New York Labor Law as a Rule 23 class action on behalf of the following class:

> All current and former pipeline inspectors, and all workers in substantially similar positions, classified as independent contractors by Defendant throughout the state of New York during the six-year period before the filing of this Complaint.

63.     Although Plaintiff does not know the precise number of members of the proposed class, Plaintiff believes there are more than 100 individuals that would qualify as New York Class Members.

64.     The members of the classes are so numerous that their individual joinder is impractical.

65.     The identity of the members of the classes is readily discernible from Defendant's records.

66.     Plaintiff and the proposed classes on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

67.    Common questions of law and fact exist to all members of the classes. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

a. Whether Plaintiff and the Class Members worked hours in excess of forty hours per work week;

b. Whether Plaintiff and the Class Members worked in excess of 12 hours per day;

c. Whether Plaintiff and the Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as prescribed by New York law;

d. Whether Defendant failed to classify Plaintiff and Class Members as non-exempt employees under New York law;

e. Whether Defendant provided the statutorily required notice and pay statements to Plaintiff and Class Members.

68.    These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

69.    Plaintiff's claims are typical of the claims of the classes because Plaintiff was not paid overtime wages in accordance with New York law and because Defendant misclassified Plaintiff as an independent contractor just as it did with the New York Class Members.

70.    Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the classes will be fairly and adequately protected by Plaintiff and his counsel.

71.     The class action under New York state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the New York Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the classes individually to redress effectively the wrongs done to them; even if the members of the classes could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## CAUSES OF ACTION

### Count I
### Violation of the Fair Labor Standards Act
### Failure to Pay Overtime
### (Collective Action)

72.     Plaintiff incorporates the preceding paragraphs by reference.

73.     This count arises from Defendant's violation of the FLSA 29 U.S.C. 201, et seq., for its failure to pay Plaintiff and the members of the Class all their earned overtime pay for the time worked in excess of 40 hours in individual workweeks.

74.     For all the time worked in excess of 40 hours in individual workweeks, Plaintiff and the Class members were entitled to be paid one and one-half times their regular rates of pay.

75.    Defendant violated the FLSA by failing to compensate Plaintiffs and the Class members consistent with the FLSA with respect to the amount of work actually performed over 40 hours per week.

76.    Defendant's failure to pay overtime to Plaintiff and the Class Members, in violation of the FLSA, was willful and was not based on a good faith and reasonable belief that their conduct did not violate the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

77.    Plaintiff will seek to certify Count I, violation of the overtime provisions of the FLSA, as a collective action and ask the Court to determine the rights of the class pursuant to the FLSA, determine any damages due, and to direct Defendant to account for all back wages, penalties and prejudgment interest thereon due to Plaintiff and the other employees he represents.

**Count II**
**Violation of the New York Labor Law**
**Overtime**
**(Class Action)**

78.    Plaintiff incorporates the preceding paragraphs by reference.

79.    This count arises from Defendant's violation of N.Y. Lab. Law §§ 650 *et seq.*, as implemented by N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2, for its failure to pay Plaintiff and the New York Class Members all their earned overtime pay for the time worked in excess of 40 hours in individual workweeks.  For all the time worked in excess of 40 hours in individual workweeks, Plaintiffs and the Class Members were entitled to be paid one and one-half times their regular rates of pay.  In addition, the Class is entitled to receive liquidated damages.

80.    Defendant has violated the NYLL by failing to compensate Plaintiff and the Class Members consistent with the maximum hour provisions decreed in the NYLL.

81.　　Plaintiff will seek to certify Count II, a violation of the overtime provisions of the NYLL, as a class action and ask the Court to determine the rights of the class pursuant to the NYLL, award all damages due, including, but not limited to, liquidated damages, and to direct Defendant to account for all back wages, prejudgment interests and all other damages due to Plaintiff and the class he represents.

**Count III**
**Violation of the New York Labor Law**
**Time of Hire Notice Requirement**
**(Class Action)**

82.　　Plaintiff incorporates the preceding paragraphs by reference.

83.　　The New York Labor Law and its supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer. N.Y. Lab. Law § 195-1(a).

84.　　Defendant intentionally failed to provide notice to employees in violation of N.Y. Lab. Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms of conditions of employment related to rate of pay, regular pay cycle, and rate of overtime on his first day of employment.

85.　　Defendant did not provide any such notice to Plaintiff or the New York Class Members.

86.　　Due to Defendant's violation of the New York Labor Law, Plaintiff and the New York Class Members are entitled to recover $50 for each workday that the violation occurred or

continued to occur, up to $5,000 each, together with costs and attorneys' fees pursuant to N.Y. Lab. Law § 198(1-b).

**Count IV**
**Violation of the New York Labor Law**
**Pay Statement Requirement**
**(Class Action)**

87.    Plaintiff incorporates the preceding paragraphs by reference.

88.    The New York Labor Law and its supporting regulations require employers to provide detailed pay statements or paystub information to their employees every payday. N.Y. Lab. Law § 195(3).

89.    Defendant has failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiff and the New York Class Members and did not provide Plaintiff and the New Class Members with a pay statement containing the required information each payday.

90.    Due to Defendant's violations of the New York Labor Law, Plaintiff and the New York Class Members are each entitled to recover from Defendant $250 for each workday of the violation, up to $5,000 each, together with costs and attorneys' fees pursuant to N.Y. Lab. Law § 198(1-d).

**JURY DEMAND**

91.    Plaintiff hereby demands trial by jury on all issues.

**PRAYER**

92.    For these reasons, Plaintiff prays for:

   a.    An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) for the FLSA Class Members to permit them join this action by filing a written notice of consent;

15

b.  An order certifying this case as a class action under Rule 23 for the New York state law claims;

c.  A judgment against Defendant awarding Plaintiff, the FLSA Class Members, and New York Class Members all their unpaid overtime compensation, liquidated damages, and penalty payments;

d.  An order awarding attorneys' fees, costs, and expenses;

e.  Pre- and post-judgment interest at the highest applicable rates; and

f.  Such other and further relief as may be necessary and appropriate.

Respectfully submitted,
KENNEDY HODGES, L.L.P.

By:  /s/ Don J. Foty
Don J. Foty
dfoty@kennedyhodges.com
Texas State Bar No. 24050022
(will apply for admission *pro hac vice*)
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

By:       /s/ Michael Faillace
Michael Faillace, Esq.
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

16

## CONSENT TO JOINT COLLECTIVE ACTION AND BE
## REPRESENTED BY KENNEDY HODGES, LLP

- I, ___Jeff Boyd_____(print name), consent and agree to pursue my claims for unpaid overtime and/or minimum wage through a lawsuit brought under the Fair Labor Standards Act and any state wage and hour law.

- I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. I agree to serve as the class representative if I am selected by counsel.

- If I am not the class representative, I authorize the named Plaintiff to file and prosecute my claim for unpaid wages in my name, and on my behalf, and designate the named Plaintiff to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims, entering into an agreement with the lawyers in this case, and I understand I will be bound be such decisions.

- I agree to be represented by Kennedy Hodges, LLP.

- If my consent form is stricken or if I am for any reason not allowed to participate in this case, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

Date___42616_____     Signature___*Jeff Boyd*_____

# Exhibit A